```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII
```

| | | |
|---|---|---|
| HEARTLAND PAYMENT SYSTEMS, INC., | ) ) ) | CIVIL NO. 11-00644 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF HEARTLAND PAYMENT SYSTEM, INC.'S MOTION TO DISMISS COUNTERCLAIM |
| vs. | ) ) | |
| CENTRAL PACIFIC BANK, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

                 ORDER GRANTING PLAINTIFF HEARTLAND
        PAYMENT SYSTEM, INC.'S MOTION TO DISMISS COUNTERCLAIM

I.      INTRODUCTION.

        This case arises out of an agreement between Plaintiff

Heartland Payment Systems, Inc. ("Heartland"), and Defendant

Central Pacific Bank ("CPB"), under which Heartland was to

provide credit and debit card transaction processing services to

merchants referred by CPB.  Heartland now alleges that, among

other things, CPB breached that agreement.  CPB has filed a

Counterclaim against Heartland.  Before the court is Heartland's

Motion to Dismiss Counterclaim ("Motion"), which argues that CPB

has failed to properly plead its misrepresentation claims and to

properly format the Counterclaim.  The court GRANTS the Motion

and gives CPB leave to amend its Counterclaim within 14 days of

the date of this order.

II.     BACKGROUND.

        CPB alleges that, in 2004, it entered into a marketing

agreement with Heartland, under which Heartland agreed to provide

merchant processing services to CPB's customers. Counterclaim at 2, ECF No. 6. Under this arrangement, CPB was required to exclusively refer customers to Heartland, and Heartland would pay CPB a referral commission and a share of Heartland's account revenues. Id.

In early 2007, Heartland allegedly presented CPB with a new model providing for Heartland to refer one demand deposit account to CPB for every two merchant account referrals by CPB to Heartland. Id. CPB alleges that Heartland made the following representations when presenting the proposed agreement:

> When presenting the concept, Heartland represented that its relationship with CPB would be a "reciprocal relationship."
>
> Heartland claimed that CPB would benefit as a result of Heartland's "large and valuable merchant base in Hawaii."
>
> Heartland further projected that CPB would get 20 new demand deposit account customers per month, and estimated that CPB would get $72,000 annually in new demand deposit revenue.

Id.

CPB alleges that, on May 21, 2008, it entered into the relationship Heartland proposed, as documented in the Merchant Services Marketing Agreement (the "Agreement"). The Agreement had a two-year term with a mechanism for automatic renewal absent notice of termination provided 90 days before the expiration of the Agreement. Id. at 3.

CPB alleges that Heartland violated the Agreement by failing to generate business and to infiltrate CPB's customer business base.  Id. at 4-5.  CPB alleges that, during the Agreement period, CPB referred a total of 85 accounts to Heartland, while Heartland referred 29 demand deposit accounts to CPB.  Id. at 7.  According to CPB, despite meeting with Heartland to discuss improving its efforts, CPB saw little to no improvement.  Id. at 5.  CPB thereafter issued a request for proposals to five merchant service providers, including Heartland.  Id.  Heartland allegedly presented CPB with a written proposal, but CPB requested additional information.  Id. at 6. On February 16, 2011, CPB allegedly sent an email to Heartland, stating that "we do not intend to renew the existing contract but are still reviewing your new partnership proposal."  Id.  CPB requested another 30 days to complete its review.  Id.  CPB ultimately selected another merchant services provider and informed Heartland of its decision on March 29, 2011.  Id. at 7.

Heartland filed its Complaint against CPB, and CPB thereafter filed its Counterclaim against Heartland.  Heartland filed the present Motion.  Concurrently with its Opposition, CPB filed a Motion for Leave to Amend Counterclaim, currently set for hearing on March 19, 2012.  See Central Pacific Bank's Mot. for Leave to File Am. Counterclaim and to Number Paragraphs ("Motion for Leave to Amend"), ECF No. 13.  Arguing that the Counterclaim

3

is sufficient on its face, the Motion for Leave to Amend alternatively seeks leave of court to provide additional facts relating to its intentional misrepresentation claim and to number the paragraphs of the Counterclaim. See id.

III.     STANDARD.

Under Rule 12(b)(6), a court is generally limited to reviewing the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light

most favorable to the nonmoving party.  <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  <u>Sprewell</u>, 266 F.3d at 988.  Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  <u>Id.</u>  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988) (citing <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Accord</u> <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

5

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

>The Ninth Circuit has recently stated,

>>First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Usually, a party's pleading suffices provided it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, Rule 9(b) requires that, when fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and

6

other conditions of a person's mind may be alleged generally."
Fed. R. Civ. P. 9(b). A court treats a motion to dismiss under
Rule 9(b) like a motion to dismiss under Rule 12(b)(6):

> A motion to dismiss a complaint or claim
> "grounded in fraud" under Rule 9(b) for
> failure to plead with particularity is the
> functional equivalent of a motion to dismiss
> under Rule 12(b)(6) for failure to state a
> claim. If insufficiently pled averments of
> fraud are disregarded, as they must be, in a
> complaint or claim grounded in fraud, there
> is effectively nothing left of the complaint.
> In that event, a motion to dismiss under Rule
> 12(b)(6) would obviously be granted. Because
> a dismissal of a complaint or claim grounded
> in fraud for failure to comply with Rule 9(b)
> has the same consequence as a dismissal under
> Rule 12(b)(6), dismissals under the two rules
> are treated in the same manner.

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

IV. ANALYSIS.

    A. CPB Fails To Plead Intentional Misrepresentation With Particularity.

In Count I of the Counterclaim, CPB asserts that Heartland misrepresented certain facts when it entered into the Agreement in 2007. Heartland moves to dismiss the claim for intentional misrepresentation on the ground that it was not pled with particularity as required by Rule 9(b).

The Hawaii Supreme Court has referred to intentional misrepresentation as interchangeable with fraudulent misrepresentation. See Ass'n of Apartment Owners of Newtown
7

Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 115 Haw. 232, 263, 167 P.3d 225, 256 (Haw. 2007). To survive a motion to dismiss, a plaintiff must allege that (1) false representations were made by the defendant, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon them, and that (4) plaintiff detrimentally relied on them. Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989). The circumstances constituting the alleged fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Rule 9(b)'s purposes are to provide defendants with adequate notice to allow them to defend against a charge, to protect those whose reputation would be harmed by an accusation of fraud, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society social and economic costs without some factual basis. Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted). To sufficiently identify the circumstances that constitute fraud, a plaintiff must identify such facts as the times, dates, places, or other details of the alleged

fraudulent activity. <u>Id.</u> A plaintiff must plead these evidentiary facts and must explain why the alleged conduct or statements are fraudulent:

> Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." <u>Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).

<u>Vess</u>, 317 F.3d at 1106. Allegations of fraud based on information and belief do not satisfy Rule 9(b) if the factual bases for the belief are not included. <u>Neubronner</u>, 6 F.3d at 672.

At first glance, it appears that Count I fails to offer more than the neutral elements of a claim. In connection with its claim for intentional misrepresentation, CPB states,

> CPB incorporates by reference the allegations contained in each of the foregoing paragraphs.
>
> Heartland made false representations to CPB when presenting the Agreement to CPB and in negotiations relating to the Agreement.
>
> Heartland knew that such representations were false, or was without knowledge of their truth or falsity.
>
> Heartland made these representations in contemplation that CPB would rely on them and to induce CPB to enter into the Agreement.

>        CPB relied on these representations to
>        its detriment, and has suffered compensatory
>        and actual damages in an amount to be proven
>        at trial.

Counterclaim at 7-8, ECF No. 6.

Count I is merely a formulaic recitation of the elements of a fraud or intentional misrepresentation claim. On its own, Count I does not plead intentional misrepresentation with particularity. CPB does offer allegations earlier in the Counterclaim that may identify the allegedly false statements made by Heartland:

>        In early 2007, Heartland presented CPB
>        with a new model pursuant to which Heartland
>        would refer one demand deposit account to CPB
>        in exchange for CPB's referral of who
>        merchant accounts to Heartland.
>
>        When presenting the concept, Heartland
>        represented that its relationship with CPB
>        would be a "reciprocal partnership."
>
>        Heartland claimed that CPB would benefit
>        as a result of Heartland's "large and
>        valuable merchant base in Hawaii."
>
>        Heartland further projected that CPB
>        would get 20 new demand deposit account
>        customers per month, and estimated that CPB
>        would get $72,000 annually in new demand
>        deposit revenue.

Counterclaim at 2-3, ECF No. 6.

The court questions whether CPB may rely on facts alleged in paragraphs preceding Count I, as opposed to being limited to the specific facts alleged in Count I itself. Some courts have held that fraud claims fail to satisfy Rule 9(b)'s

10

heightened pleading requirement when they rely on shotgun[1] or puzzle[2] pleadings.  See Wagner v. First Horizon Pharmaceutical, Corp., 464 F.3d 1273, 1280 (11th Cir. 2006) (holding that a complaint failed to satisfy Rule 9(b) because the facts in the first 175 paragraphs of the complaint were not connected to the otherwise generally pled claim, and sua sponte ordering repleading under Rule 12(e) rather than dismissal); In re Metropolitan Securities Litigation, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) (stating, "A complaint is deficient for the purposes of Rule 9(b) when it relies on 'shotgun' or 'puzzle' pleading," and holding that the shotgun and puzzle pleading in issue did not comply with Rule 9(b)); In re Autodesk, Inc. Securities Litigation, 132 F. Supp. 2d 833, 842 (N.D. Cal. 2000) (dismissing a fraud claim in part because the court was unwilling to search through the fifty-one page complaint to determine exactly what the alleged misleading statements were and to match them with the reasons they were false or misleading).

This court, however, is unaware of any controlling

---

[1] "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharmaceutical, Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).

[2] "[P]uzzle pleadings are those that require the defendant and the court to match the statements up with the reasons they are false or misleading." In re Metropolitan Securities Litigation, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) (citations omitted).

authority on this point. Although in In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7 (9th Cir. 1994), the Ninth Circuit stated that a "complaint is not a puzzle," and that it was "loathe to allow plaintiffs to tax defendants, against whom they have leveled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint," the court held that the complaint in issue satisfied the requirements of Rule 9(b) even though the organization of the complaint made the nature of the fraud "difficult to divine," and the plaintiff's counsel argued that each paragraph was a "piece of [a] puzzle." Id. at 1554.

This court need not resolve the issue of whether puzzle or shotgun pleadings satisfy Rule 9(b) because, even assuming that such pleadings are permissible, Count I does not satisfy Rule 9(b)'s heightened pleading standard.

An actionable false representation is usually based on a representation of fact. See Shoppe v. Gucci Am., Inc., 94 Haw. 368, 385, 14 P.3d 1049, 1067 (Haw. 2000) ("Where misrepresentations are made to form the basis of relief, they must be shown to have been made with respect to a material fact which was actually false and not the occurrence of a future event." (quoting Stahl v. Balsara, 60 Haw. 144, 148, 587 P.2d 1210, 1214 (Haw. 1978))). However, the three allegedly false representations pertain to predictions or future events, and CPB

12

does not offer any support for the proposition that these statements were false factual representations.  See Def. Central Pacific Bank's Mem. in Opp'n to Pl. Heartland Payment Systems, Inc.'s Mot. to Dismiss ("Opposition") at 6-7, ECF No. 12.

First, Heartland's alleged statement that "its relationship with CPB would be a 'reciprocal partnership'" is merely a promise or prediction of the future state of a relationship.  CPB does not allege that Heartland misrepresented any fact relating to a then-existing relationship.  Rather, CPB seems to imply that Heartland breached the agreement by "failing to reciprocate in any meaningful way" and taking "no steps necessary to infiltrate CPB's customer base."  Although these allegations may relate to a breach of contract claim, they do not lend support to a claim for misrepresentation.

Second, Heartland's alleged statement that "CPB would benefit as a result of Heartland's 'large and valuable merchant base in Hawaii'" likewise does not allege a factual misrepresentation, instead offering a prediction.  If CPB takes issue with Heartland's representation that it had a "large and valuable merchant base," it fails to allege in the Counterclaim, or explain in its Opposition, what makes this statement false.

Finally, Heartland merely "projected" the number of new customers and "estimated" annual revenue.  As these statements clearly are predictions of future events, not misstatements of

13

existing fact, CPB cannot base a claim for misrepresentation on such statements.

Aside from a rote recitation of the elements of a fraud or misrepresentation claim, CPB fails to plead with particularity what false statements Heartland made and why they were false. The court thus grants the Motion with leave for CPB to amend its Counterclaim to more particularly plead Count I.

Although it did not do so in the Counterclaim, CPB indicates that it is able to identify the specific Heartland employee(s) who allegedly made the false statements, and the circumstances under which the statements were made. See Motion for Leave to Amend at 4, ECF No. 13. Such information might help to clarify CPB's claim. The court gives CPB leave to amend its Counterclaim to sufficiently plead Count I.

B. CPB Fails To Plead Negligent Misrepresentation.

In Count II of the Counterclaim, CPB alleges negligent misrepresentation. In a negligent misrepresentation claim, Hawaii law requires that "(1) false information be supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation." Blair v. Ing, 95 Haw. 247, 269, 21 P.3d 452, 474 (2001) (citing Restatement (Second) of Torts § 552). See Peace Software, Inc.

14

v. Hawaiian Elec. Co., Inc., No. 09-00408, 2009 WL 3923350 at *6 (D. Haw. Nov. 17, 2009) (relying on Blair for the Hawaii standard for negligent misrepresentation).  A negligent misrepresentation claim does not require intent and accordingly is not subject to Rule 9(b).  See Peace Software, Inc., 2009 WL 3923350 at *8; see also Bush v. Rewald, 619 F. Supp. 585, 608 (D. Haw. 1985) (holding that "[s]ince the common-law negligent misrepresentation count need not be pled with particularity under Rule 9(b), defendants' motion to dismiss [was] denied").

Although not subject to the heightened pleading standard under Rule 9(b), negligent misrepresentation is subject to Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).  The court construes Heartland's motion to dismiss CPB's negligent misrepresentation claim as brought under Rule 12(b)(6) and as claiming a failure to satisfy Rule 8.

Even under Rule 8's more liberal pleading standard, CPB's claim is not sufficiently pled.  In Count II of the Counterclaim, CPB merely offers a formulaic recitation of the elements of a claim:

> In the course of business transactions between CPB and Heartland, Heartland supplied false information to CPB as a result of its failure to exercise reasonable care or competence in communicating the information.
>
> As a result of CPB's reliance on Heartland's misrepresentations, CPB has

>suffered pecuniary damages in an amount to be proven at trial.

Counterclaim at 8, ECF No. 6. The court assumes that Count II is based on the same factual allegations as Count I. As previously noted in the discussion of Count I, CPB does not identify what false information Heartland gave to CPB. The only identified statements either pertain to future occurrences, or were not pled as false. The Counterclaim is devoid of any factual allegation lending support to a claim of negligent misrepresentation. Even under Rule 8's pleading standard, the claim is dismissed. The court gives CPB leave to amend its Counterclaim to sufficiently plead Count II.

    C.   CPB's Failure To Number Its Paragraphs Violates Rule 10(b).

Heartland complains that the format of CPB's Counterclaim makes it difficult to properly answer the allegations contained therein. Rule 10(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading.

Fed. R. Civ. P. 10(b) (2007). "The purpose of the requirement in Federal Rule 10(b) that each paragraph in a pleading may be numbered is to provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for

cross-referencing within a single pleading.  However, a pleading that is comprehensive and presents no interpretive difficulties to the parties or the district court because of its form is not rendered insufficient because of the absence of numbers before each paragraph." <u>See</u> 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1323 (Civil 3d ed. 1998).

Although an answer to the Counterclaim in its present form may not be "unworkable," the court recognizes that it may be difficult.  CPB concedes that it "inadvertently failed to number each paragraph" and seeks leave to amend the Counterclaim to add numbering.  <u>See</u> Motion for Leave to Amend at 2, ECF No. 13.  To aid the court and Heartland in addressing the Counterclaim, the count gives CPB leave to amend its Counterclaim to add paragraph numbers in compliance with Rule 10(b).

V.      <u>CONCLUSION.</u>

CPB fails to plead intentional misrepresentation in accordance with Rule 9(b) or negligent misrepresentation in accordance with Rule 8.  CPB's failure to number the paragraphs in its Counterclaim also makes it difficult for the court and Heartland to refer to the issues contained therein.  The Motion to Dismiss is therefore GRANTED.  CPB is given leave to file an amended Counterclaim within 14 days of the date of this order.  The Clerk of the Court is ordered to terminate CPB's Motion for Leave to File Amended Counterclaim and to take that matter off

17

the calendar for March 19, 2012.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2012.



　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　Chief United States District Judge

Heartland Payment Systems, Inc. v. Central Pacific Bank, Civ. No. 11-00644 SOM/KSC;
ORDER GRANTING PLAINTIFF HEARTLAND SYSTEMS, INC.'S MOTION TO DISMISS COUNTERCLAIM